UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80412-CIV-ZLOCH

AJAX ENTERPRISES, INC.,
et al.,

　　　　　Plaintiffs,

vs.                                    **FINAL ORDER OF DISMISSAL**

THE SZYMONIAK LAW FIRM, P.A.,
et al.,

　　　　　Defendants.
_____/

THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

Plaintiffs initiated the above-styled cause with the filing of their Complaint (DE 35, Ex. A) in the United States District Court for the District of New Jersey.  By prior Order (DE 35) of that Court, the case was transferred to the Southern District of Florida.  The Court notes that the Court's jurisdiction in this matter is premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

Section 1332 provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States."  28 U.S.C. § 1332(a) (2006).  The dictates of § 1332 keep the federal courts moored to

the jurisdictional limits prescribed by Article III, Section 2 of the Constitution.  As Justice Stone stated in reference to § 1332 in Healy v. Ratta, 292 U.S. 263, 270 (1934), "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

These dictates stem from the fact that federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists.  United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see, e.g., 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3602 (2d ed. 1984).

A review of the Complaint (DE 35, Ex. A) filed herein reveals that the requisite diversity of citizenship of the Parties is not apparent on its face.  The Complaint states, in relevant part:

    1. Plaintiff, SCIARRA, is an individual residing at [sic]
    in the state of New Jersey.

    . . . .

    6. Defendant, SZYMONIAK, is an attorney duly licensed to
    practice law in the state of Florida.  SZYMONIAK resides
    at 8268 Man-O-War Road, West Palm Beach, FLA 33418.

2

DE 35, Ex. A, pp. 1-2.

The Complaint fails to sufficiently allege the citizenship of Plaintiff Justin M. Sciarra and Defendant Lynn E. Szymoniak for the Court to determine whether it has jurisdiction over the above-styled cause. See Rice v. Office of Servicemembers' Group Life Ins., 260 F.3d 1240, 1245 (10th Cir. 2001). Residency is not the equivalent of citizenship for diversity purposes. See 13B Wright & Miller, supra § 3611. Thus, the citizenship of individual parties must be affirmatively alleged. Id. Plaintiff Justin M. Sciarra and Defendant Lynn E. Szymoniak's citizenship is not found elsewhere in the record.

Therefore, because Plaintiffs have failed to allege properly the citizenship of Plaintiff Justin M. Sciarra and Defendant Lynn E. Szymoniak, they have failed to meet the initial burden of establishing this Court's jurisdiction over the above-styled cause. In dismissing the above-styled cause due to Plaintiffs' failure to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction? Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide? The sky will not fall if federal courts occasionally stray outside the proper bounds. But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are

3

required to police their jurisdiction - imposes a duty of
care that we are not at liberty to shirk.  And since we
are not investigative bodies, we need and must assure
compliance with procedures designed to compel parties to
federal litigation to assist us in keeping within bounds.
Hence [it is] . . . the responsibility of lawyers who
practice  in  the  federal  courts,  even  if  only
occasionally,  to  familiarize  themselves  with  the
principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir.

2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.  The above-styled cause be and the same is hereby **DISMISSED**

without  prejudice  in  that  the  Court  lacks  subject  matter

jurisdiction over the same; and

2.  To the extent not otherwise disposed of herein, all

pending Motions be and the same are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward

County, Florida, this   25th      day of April, 2008.


_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

4